IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIRO SPYRATOS, on behalf of himself and all others similarly situated | )<br>)<br>) |
| Plaintiff, | ) Case No. 20-cv-<br>) |
| vs. | )<br>) |
| SOUTHWEST CREDIT SYSTEMS, L.P., | )<br>) <u>Jury Demanded</u> |
| Defendant. | ) |

**INDIVIDUAL AND CLASS ACTION COMPLAINT**

Plaintiff, Spiro Spyratos, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3. Defendant sent Plaintiff a collection letter that, *inter alia*, failed to adequately disclose information required under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations. *Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan*

1

*v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Spiro Spyratos ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt for "COM ED" electric services provided to him at his previous home for personal, family and non-business purposes.

7. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant Southwest Credit Systems, L.P. ("Southwest" or "Defendant"), is a limited partnership headquartered in Texas.

9. Southwest is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

10. Southwest holds a collection agency license from the State of Illinois.

11. Southwest's primary business is the collection of defaulted debts from individuals who incurred charges for consumer debts.

12. Southwest maintains a website, https://www.swcconsumer.com/ .

13. At the time of filing of this lawsuit, said website contained in part the following text:

## Connecting with Consumers to Resolve Accounts and Deliver Helpful Resources

Southwest Credit is a leading national provider of accounts receivable management and consumer service solutions. We have more than 45 years of experience connecting with consumers to resolve delinquent debts. Our customer-service oriented approach enables us to deliver solutions to consumers, while helping them maintain a positive relationship with the service provider. We handle all consumers with the utmost respect and care.

We understand that unexpected life circumstances arise, causing well-intended consumers to become delinquent on accounts. Our goal is to help you resolve your account with integrity and in a timely manner. We provide you with convenient payment options and can set up scheduled payment plans to help you stay on track with payments.

If you feel like you are being contacted in error, or would like to dispute a claim, we will walk you through the process of verifying information and determining the proper resolution with the service provider. We are here to assist you and the service provider reach a satisfactory resolution.

Take a look around the site for some helpful resources and information. Visit the Contact Us page to see how you can get in contact with us.

https://www.swcconsumer.com/about.html, Accessed on 21 Oct 2020.

14. Southwest regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

15. According to Southwest, Plaintiff incurred an alleged debt for utility services, specifically electricity, provided by "COM ED" ("alleged debt").

16. The alleged debt was incurred in connection with electrical service provided to the Plaintiff at his former home that was not provided in connection with any business purpose.

17. The alleged debt was a "debt" as that term is defined at § 1692a(6) of the FDCPA.

18. The alleged debt was declared to be in default by COM ED.

19. Southwest subsequently began collection activities on the alleged debt.

20. In October, 2020, Southwest sent Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Letter).

21. Plaintiff read the Letter.

22. The Letter is dated October 1, 2020, and conveyed information regarding the alleged debt, stating that an amount of $107.42 was due in connection with a specific account number.

23. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

24. The Letter lists "SouthwestCredit" in the letterhead.

25. The Letter directs that payments be mailed to Southwest.

26. The Letter states that the account has been "assigned" to Southwest's office.

27. However, Southwest also states that the "Creditor" is "COM ED".

28. The Letter does not identify which company, Southwest or COM ED, is the creditor to whom the debt is owed.

29. The Letter contained a "Notice of Debt" as that term is understood and used in section 1692g of the FDCPA.

30. The Notice of Debt in the Letter further states that upon a request in writing within thirty (30) days of receiving the notice, "this office will provide you with the name and address of the original creditor, if different from the ***current creditor***." (emphasis added).

31. The Letter thus communicates the possibility that the original creditor may not be the current creditor.

32. Yet nowhere does the Letter identify a *current* creditor.

33. Plaintiff was induced to believe that COM ED possibly no longer owned the alleged debt, based on the language in the Letter referencing assignment, directing payment be made to Southwest, and conveying that the original creditor may not be the current creditor.

34. An unsophisticated consumer would be induced to believe that COM ED possibly no longer owned the alleged debt, based on the language in the Letter referencing assignment, directing payment be made to Southwest, and conveying that the original creditor may not be the current creditor.

35. A simple statement that one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed. *Dennis v. Niagara Credit Sols., Inc.*, 946 F.3d 368, 371 (7th Cir. 2019) (affirming summary judgment for a debt collector who properly identified itself as the "current creditor").

36. The Letter does not state or anywhere indicate that the alleged debt is owed to COM ED.

37. The Letter is confusing as to the identity of the creditor to which the alleged debt is owed for the further reason that it states that the alleged debt was "assigned" to Southwest, suggesting that transfer of ownership of the alleged debt has occurred.

38. Plaintiff was confused as to the identity of the current creditor as a result of Southwest's failure to clearly communicate the same.

39. Plaintiff was uncertain as to whether he owed the alleged debt and to whom he owed the alleged debt, and whether he should pay the same, due to Southwest's failure to communicate the name of the creditor to which the alleged debt was owed.

40. An unsophisticated consumer would be confused as to the identity of the current creditor as a result of Southwest's failure to clearly communicate the same.

41. Plaintiff disputes that he owes the alleged debt.

42. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

43. Southwest failed to effectively state the name of the current creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

44. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020).

45. Southwest's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS COUNT—
15 U.S.C. § 1692g(a)(2)**

46. Plaintiff re-alleges the above paragraphs as set forth fully in this count.

47. Southwest has failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

48. Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3)

by mailing a letter substantially similar to the Letter contained in Exhibit A, that contains a Notice of Debt in the form contained therein (4) which indicates that a debt was "assigned" to Defendant (5) which directs that payment be mailed to Defendant (6) that identifies the "Creditor" as being "COM ED" (7) during the period of time that begins one year prior to the filing of this Complaint, and ends on the date of the filing of this Complaint.

49. The Letter is a form letter.

50. As the Letter is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect an alleged debt using a letter substantially similar to the Letter in Exhibit A.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law and fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

52. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

54. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the

members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

55. Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant as follows:

A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*

One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo